# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CINDY THAYER,**

      **Plaintiff,**

**v.**                                         Case No: 6:19-cv-784-Orl-31LRH

**RANDY MARION CHEVROLET BUICK CADILLAC, LLC,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 4) filed by the Defendant, Randy Marion Chevrolet Buick Cadillac, LLC (henceforth, "Randy Marion Chevrolet"), and the response in opposition (Doc. 11) filed by the Plaintiff, Cindy Thayer ("Thayer"). According to the allegations of the Complaint, Thayer was injured in an automobile accident involving a vehicle owned by Randy Marion Chevrolet. She seeks to hold Randy Marion Chevrolet vicariously liable for those injuries pursuant to Florida's Dangerous Instrumentality Doctrine.

Randy Marion Chevrolet now seeks to have Thayer's claim dismissed based on the Graves Amendment, 49 U.S.C. § 30106, which shields businesses that lease or rent vehicles from state law vicarious liability claims such as the one asserted here by Thayer. In pertinent part, that statute provides that

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –

> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. §30106(a). Unfortunately for the Defendant, the Plaintiff does not allege in the Complaint that Randy Marion Chevrolet is in the business of renting or leasing motor vehicles or that it rented or leased the motor vehicle that was involved in the accident with Thayer. As such, the Defendant cannot establish that the Graves Amendment applies, and its motion must fail. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 4) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE