# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CINDY THAYER,

    Plaintiff,

v.           Case No:   6:19-cv-784-GAP-LRH

RANDY MARION CHEVROLET
BUICK CADILLAC, LLC,

    Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S AMENDED MOTION FOR COSTS (Doc. 71)** |
| **FILED:** | **April 28, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART and DENIED IN PART**.

## I.  BACKGROUND.

  Plaintiff Cindy Thayer instituted this action in state court on March 27, 2019 against Defendant Randy Marion Chevrolet Buick Cadillac, LLC.   (Doc. 1-1, at 3). Defendant removed the matter to this Court on April 25, 2019.   (Doc. 1).   Plaintiff

asserted a claim for negligence, alleging that Defendant was vicariously liable for the acts of a tortfeasor who operated a vehicle owned by Defendant and collided with Plaintiff's vehicle.   (Doc. 1-1).

By order dated February 11, 2021, the Court granted summary judgment in favor of Defendant.   (Doc. 64).   The following day, judgment was entered in favor of Defendant and against Plaintiff.   (Doc. 65).   Plaintiff has since filed a notice of appeal.   (Doc. 67).

On February 26, 2021, Defendant moved for costs pursuant to Federal Rule of Civil Procedure 54(d)(1).   (Doc. 66).   The undersigned denied the motion without prejudice, due to Defendant's failure to submit documentation to support the requested costs.   (Doc. 70).   In that Order, the undersigned also noted that Federal Rule of Civil Procedure 54(d)(1) provides the process for taxation of costs, including a procedure for Plaintiff to file objections, and stated "it appears that Defendant's motion was unnecessary."   (*Id.*, at 2-3).

Rather than following the procedure set forth in Rule 54(d)(1), Defendant instead filed the present Amended Motion for Costs on April 28, 2021, through which it seeks to recover a total of $9,807.30 in costs.   (Doc. 71).    With the motion, Defendant has submitted a proposed bill of costs, as well as invoices and other documentation in support of the requested costs.   (*Id.*, at 7-96).

Plaintiff timely filed objections, arguing 1) that Defendant failed to comply with Local Rule 3.01(g) prior to filing its present motion, and 2) Plaintiff is indigent and cannot afford to pay Defendant's costs.   (Doc. 72).   Plaintiff does not otherwise contest the recoverability of the costs or the amounts sought.   *See id.* Based on the issues raised by Plaintiff, I ordered Defendant to file a reply, which it did on May 13, 2021.   (Docs. 73, 75).

The motion is therefore ripe and has been referred to the undersigned for consideration.   For the reasons set forth below, I will respectfully recommend that Defendant's motion be granted in part and denied in part.

## II.    APPLICABLE LAW.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."   *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).   "[A] district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs."   *Id.* at 1277 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)); *see also Madden v. Fidelity Nat'l Info. Servs., Inc.*, No. 8:13-CV-1316-T-35AEP, 2014 WL 5039542 (M.D. Fla. Oct. 6,

2014) (awarding costs under Rule 54(d) to a prevailing defendant in an FMLA and
ADA action).   Such costs, however, may not exceed those permitted by 28 U.S.C. §
1920, which delineates the allowable costs as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained
> for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and costs of making copies of any materials where
> the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under 28 U.S.C. § 1923;
>
> (6) Compensation of court appointed experts, interpreters, and costs of special
> interpretation services.

A court cannot award costs other than those specifically authorized in § 1920,
unless authorized by another applicable statute.   *See United States EEOC v. W&O,
Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*,
482 U.S. 437, 445 (1987)).

"When challenging whether costs are properly taxable, the burden lies with
the losing party, unless the knowledge regarding the proposed cost is a matter
within the exclusive knowledge of the prevailing party."   *Miles v. Provident Life &*

*Accident Ins. Co.*, No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312, at *1 (M.D. Fla. Nov. 16, 2009).

### III.   ANALYSIS.

   A.   <u>Whether Defendant Complied with Local Rule 3.01(g)</u>

   Before addressing the merits of the requested costs, the undersigned will first address Plaintiff's argument that Defendant's motion should be denied for failure to comply with Local Rule 3.01(g).   (Doc. 72, at 2).   Plaintiff asserts that "the parties have never had a conversation via telephone or in person, nor has such a conference been requested by the Defendant, to discuss the issues raised in the present Amended Motion."   (*Id.*).   In its reply, Defendant argues that it did not violate Local Rule 3.01(g) because the parties conferred via telephone and email prior to the filing of the original motion for costs, and the amended motion merely provides additional documentation to support the requested costs and does not present any new issues that required an additional conferral with Plaintiff's counsel.   (Doc. 75).

   On review, Defendant's statement is not entirely accurate.   While the substance of the two motions is nearly identical and Defendant seeks the same categories of costs in both, the total amount of costs in the present bill of costs ($9,807.30) exceeds the amount in the bill of costs attached to the previous motion ($8,720.59).   *Compare* Doc. 71, at 7 *with* Doc. 66, at 6.   Thus, Defendant arguably did

not fully comply with Local Rule 3.01(g).   On the other hand, it is not entirely clear whether Local Rule 3.01(g) should apply to this matter, given that the undersigned previously explained to the parties that Federal Rule of Civil Procedure 54(d)(1) sets forth the process for seeking costs.   (Doc. 70, at 2-3).   Specifically, Rule 54(d)(1) does not require the filing of a motion, but rather simply authorizes the filing of a bill of costs with supporting documentation, and then provides a time period within which the opposing party may file objections.   Fed. R. Civ. P. 54(d)(1).   Indeed, Plaintiff filed her objections within the time period established by Rule 54(d)(1). (Doc. 72).

Given these circumstances, and in the interest of judicial efficiency, the undersigned will recommend that the amended motion for costs not be denied for failure to comply with Local Rule 3.01(g).   The undersigned nonetheless cautions both parties that they must comply with all applicable Local Rules going forward.[1]

B. Plaintiff's Ability to Pay

The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."   *Chapman*, 229 F.3d at 1039.   "If a district court in

---

[1] Defendant also argues in response to Plaintiff's Local Rule 3.01(g) argument that because Plaintiff did not respond to the originally filed motion, her objection to the present motion should be denied.   (Doc. 75, at 3).   However, the Court denied the original motion without prejudice, a *new* motion was filed, which triggered the appropriate response deadlines, and Plaintiff filed timely objections.

determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." *Id.* (citations omitted). "Moreover, when awarding costs a district court should not consider the relative wealth of the parties. Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and ... the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.'" *Id.* (alteration in original) (quoting *Cherry v. Champion Int'l Corp.,* 186 F.3d 442, 448 (4th Cir. 1999)). However, "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Id.* But ultimately, "[s]ubject to that restriction and to the requirement that there be clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered," it is within the district court's discretion to do so in a particular case. *Id.*

Plaintiff argues that she is unable to pay the $9,807.30 in costs requested by Defendant. (Doc. 72, at 3). To support this argument, Plaintiff has submitted an affidavit in which she avers that as a result of the injuries she sustained in the collision that is the subject of this action, she is no longer able to work and was declared disabled by the Social Security Administration. (Doc. 74, ¶¶ 5-6).

Plaintiff further avers that her disability benefits are her sole source of income, although she does not provide the amount of disability benefits she receives. (*Id.* ¶ 7). Plaintiff also states that she has incurred $441,880.66 to date in medical bills from the injuries sustained in the collision. (*Id.* ¶ 8). Finally, Plaintiff states she does not own any real property or have any attachable accounts for which she could use to satisfy the amount of costs requested by Defendant. (*Id.* ¶¶ 9-10). Thus, Plaintiff asks the Court to deny Defendant's motion for costs, or alternatively, permit her to "be responsible for a portion of these costs that are commensurate with her current financial ability to pay." (Doc. 72, at 3). This is the extent of the information Plaintiff has provided to support her claim of indigency. And other than a citation to the general proposition set forth in *Chapman*, Plaintiff cites no legal authority in support of her objection.

In response, Defendant argues that Plaintiff's affidavit fails to establish clear proof of indigency, especially given that Plaintiff is married. (Doc. 75, at 3). The undersigned agrees with Defendant and finds that Plaintiff has not made a sufficient showing of indigency. For example, Plaintiff nowhere discusses her marital status, or whether her spouse's income or any marital property to which she has access should or should not be considered. And while she states that she does not own any real property, or possess any "attachable accounts," she does not further explain these statements, nor does she state whether she owns any other

assets that should or should not be taken into consideration.  She also does not quantify her disability benefits, does not quantify her monthly expenses, and does not explain whether she has any insurance or third-party sources of income to pay her medical expenses.[2]

In sum, Plaintiff's barebones, conclusory, and self-serving affidavit does not come close to satisfying the "substantial documentation of a true inability to pay" standard.   *See Perez v. Cellco P'ship*, No. 8:12-cv-546-T-30TGW, 2013 WL 5673497, at *2 (M.D. Fla. Oct. 17, 2013) (declining to reduce costs on the basis of Plaintiff's financial status and noting that "although the Court is sympathetic of Plaintiff's alleged financial plight, Plaintiff does not provide any evidence, other than her self-serving affidavit, to establish her inability to pay the cost award. The Eleventh Circuit is quite clear about the level of proof: 'substantial documentation of a true inability to pay.'" (quoting *Chapman*, 229 F.3d at 1039)); *Gonzales v. Pasco Cnty. Bd. of Cnty. Comm'rs*, No. 8:11-cv-1397-T-30TGW, 2013 WL 1810820, at *3-4 (M.D. Fla. Apr. 29, 2013) (declining to reduce costs where non-moving party submitted his tax return, his wife's W-2s, and a copy of his joint bank account statement because he did "not explain the financial statements he submitted or inform the Court whether there is any additional income or marital property to which he has access" and thus

---

[2] Moreover, the undersigned notes that Plaintiff has never requested leave to supplement her financial documentation, even though the sufficiency of the submitted affidavit was raised in Defendant's reply.

did not make a sufficient showing of indigency).[3]   Accordingly, I will respectfully recommend that the Court decline to reduce the costs taxable to Plaintiff solely on the basis of indigency.

   C. <u>Fees of the Clerk</u>

In the proposed bill of costs, Defendant first seeks $400.00 in "fees of the Clerk" incurred in removing the case from state court.   (Doc. 71, at 2, 7).   This is a recoverable cost, and in the absence of any objection, I will respectfully recommend Defendant be awarded the full **$400.00.**   *See United Title Grp., LLC v. Regions Bank*, No. 6:16-cv-1943-Orl-22GJK, 2017 WL 1132567, at *2 (M.D. Fla. Mar. 7, 2017), *report and recommendation adopted*, 2017 WL 1113493 (M.D. Fla. Mar. 24, 2017) ("Defendant's removal fees are recoverable under 28 U.S.C. § 1920." (citing *Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No: 8:10-cv-996-T-33TGW, 2011 WL

---

[3] In cases where a court either denies or reduces an award of costs based on the losing party's financial status, the losing party provides detailed financial information and explanations, none of which has been provided to the Court in this case.   *See, e.g.*, *Hall v. Merola*, No. 3:15-cv-1054-J-39PDB, 2020 WL 7047704, at *1-2 (M.D. Fla. Dec. 1, 2020) (reducing award of costs by 50% based on plaintiff's demonstration of "dire financial circumstances" where plaintiff was previously granted leave to proceed *in forma pauperis*, was released from prison in 2019, was thereafter civilly detained at the Florida Civil Commitment Center, has no money in his resident bank account, and does not own anything of value); *Rodriguez v. Miami-Dade Cnty.*, No. 8:15-cv-1621-T-AAS, 2019 WL 1901594, at *5 (M.D. Fla. Apr. 29, 2019) (reducing by 50% an award of costs where plaintiff provided information in response to motion for costs that she lost her job, her savings, her son's college fund, incurred medical expenses, and provided a financial affidavit "detailing her monthly expenses and income"); *Marx v. Baker Cnty. Med. Servs., Inc.*, No. 3:16-cv-462-J-32MCR, 2018 WL 6078342, at *3 (M.D. Fla. Nov. 21, 2018) (reducing by 50% an award of costs where plaintiff "identified significant monthly expenses, limited savings, and ongoing health issues"); *Soricelli v. GEICO Indem. Co.*, No. 8:16-cv-1535-T-30TBM, 2018 WL 11351710, at *6 (M.D. Fla. Mar. 14, 2018) (reducing award of costs by 50% where Plaintiff attached an affidavit to his response in opposition to costs which detailed his inability to work and provided the precise dollar amount of monthly social security benefits).

3793457, at *6 (M.D. Fla. Aug. 25, 2011) ("[T]he removal fee and costs for service of process are compensable under § 1920(1).")))

D.  Subpoenas and Subpoena Costs

1.  *Service of subpoenas*

Defendant next requests $1,005.00 in subpoena service of process costs. (Doc. 71, at 3).   Defendant does not provide any explanation about these costs, but the bill of costs contains a signed declaration stating that all requested costs "were necessarily incurred in this action."   (*Id.*, at 7).   In addition, the attachments to the bill of costs include invoices from Accurate Serve of Jacksonville for service of three individuals:   (1) Rebecca Lowthorpe,[4] at a cost of $129.00; (2) Sam Pope, at a cost of $129.00; and (3) rush service on Tracy Renee Jackson on November 7, 2020, at a cost of $249.00.   (*Id.*, at 77-79).   Defendant attaches a fourth invoice, also from Accurate Serve of Jacksonville, dated October 19, 2020, for two additional attempts at "rush service" of Tracy Renee Jackson, at a cost of $498.00.   (*Id.*, at 80).   Again, Plaintiff has made no challenge to the recoverability or amount of these costs.

While recovery of the cost of private process servers is authorized under 28 U.S.C. § 1920(1), the rates must not exceed the costs charged by the United States Marshal's Service to effectuate service.   *See W&O, Inc.*, 213 F.3d at 624.   The

---

[4] It appears that this individual's name is actually spelled Rebecca Lowthorp, and that she later changed her name to Rebecca Pope.   *See, e.g.*, Docs. 39; 39-3, at 4.

current statutory rate for service by the United States Marshal is $65.00 per hour, plus travel costs and other out of pocket expenses.   *See* 28 C.F.R. § 0.114(a)(3); *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *2 (M.D. Fla. July 14, 2015).   Defendant has not offered any supporting documentation to show the manner in which process was served, and has not provided any explanation for the amounts requested in the invoices.   Nor has Defendant explained why it required multiple attempts and/or rush service for Tracy Renee Jackson, and "[p]remiums for rush service of process are not recoverable under Section 1920."   *Moore v. Appliance Direct, Inc.*, No. 6:09-cv-224-Orl-GJK, 2013 WL 12336222, at * 1 (M.D. Fla. Dec. 10, 2013) (citing *De Armas v. Miabraz, LLC*, 2013 WL 4455699, at * 7 (S.D. Fla. Aug. 16, 2013)).   *See also Cadle*, 2015 WL 4352048, at *3-4 (denying award of costs for rush service of trial subpoenas and for multiple attempts to serve a deposition subpoena where defendant failed to demonstrate that rush service or multiple service attempts were necessary, and noting that "it is imperative that the party seeking costs for multiple service attempts provide evidence justifying the need for multiple service attempts").   Thus, Defendant has not established why it would be entitled to anything more than $65.00 in service of subpoena costs for each of these three witnesses.   And while Plaintiff may not have lodged any objections, this does not provide Defendant carte blanche to request and receive costs that are not legally recoverable.

I therefore recommend that the Court award costs for service of subpoenas, but at the reduced amount of **$195.00** ($65.00 each for one service attempt for Rebecca Lowthorp, Sam Pope, and Tracy Renee Jackson).

    2. *Subpoena Costs*

Defendant also seeks to recover $1,148.75 in costs for subpoenaing records from Plaintiff's medical providers and educational institutions, which it categorizes as "other costs" on the proposed bill of costs.[5]   (Doc. 71, at 3, 7).   In support, Defendant has attached invoices from various entities that appear to be for costs incurred in copying documents responsive to subpoenas duces tecum, and not, in fact, costs incurred for issuing and/or serving subpoenas.   (*Id.*, at 55-76).[6]   Thus, the undersigned will treat these costs as a request for recovery of photocopying charges, pursuant to 28 U.S.C. § 1920(4).   And again, Plaintiff has raised no objection to the necessity, recoverability, or amount of these costs.   (Doc. 72).

Costs for subpoenaing Plaintiff's medical records are recoverable photocopying charges under § 1920(4), so long as the records were "necessarily obtained for use in the case."   *See W&O*, 213 F.3d at 622-23; *Trice v. Target Corp.*, No. 8:20-cv-891-T-24 AAS, 2021 WL 1293560, at *2 (M.D. Fla. Apr. 7, 2021) (finding that

---

[5] The total amount of other costs listed in the bill of costs is $3,719.50.   (Doc. 71, at 7).   That figure, minus the $2,570.75 Defendant requests in court reporter and videography costs, *see id.*, at 3, equals $1,148.75.

[6] The attached invoices establish that Defendant incurred costs in the amount of $1,156.25 in obtaining these records.   *See* Doc. 71, at 55-76.   However, because Defendant only seeks $1,148.75, this is the figure I have used.

amount Defendant spent in obtaining copies of Plaintiff's medical records were recoverable photocopying costs); *see also Johnson v. Cumberland Gulf Grp. of Cos.*, No. 6:17-cv-788-Orl-41KRS, 2019 WL 11502526, at *7 (M.D. Fla. Jan. 23, 2019), *report and recommendation adopted*, 2019 WL 11502470 (M.D. Fla. Feb. 12, 2019) ("[C]ourts have found that medical records of a plaintiff in a personal injury case were necessary in preparation of a defendant's case.") (citations omitted).   A review of the invoices Defendant attaches sufficiently establishes – particularly in light of the lack of any objections – that the medical records Defendant obtained copies of were necessary for use in the case.

The same cannot be said, however, with respect to the $27.50 incurred in copies of Plaintiff's educational records subpoenaed from Seminole State College. (Doc. 71, at 76).   Defendant provides no explanation as to the necessity of this cost, and the attached invoice sheds no light on the matter.   In the absence of any such explanation, the undersigned will recommend that Defendant not recover this amount.   *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002) ("The burden of establishing entitlement to photocopying expenses lies with the prevailing party.").   *See also Harrington v. RoundPoint Mortg. Servicing Corp.*, No. 2:15-cv-322-FtM-28MRM, 2018 WL 4100957, at *11 (M.D. Fla. Aug. 9, 2018), *report and recommendation adopted*, 2018 WL 4094840 (M.D. Fla. Aug. 27, 2018) (declining to award costs for phone records obtained pursuant to subpoena duces

tecum where Defendants did not show how the cost was recoverable under § 1920 or that the cost was reasonable).

Accordingly, I respectfully recommend that the Court award a total of **$1,121.25** ($1,148.75 minus $27.50) to Defendant for these photocopying costs.

E.   Copy Charges

The next category of costs Defendant seeks are $889.00 in copying charges, which Defendant bases on a rate of $.10 per page for copying 8,890 pages.   (Doc. 71, at 3).   In support of these requested costs, Defendant states as follows:

> This was necessary in preparation for depositions of multiple expert witnesses and preparing responses to multiple dispositive motions filed by Plaintiff following Defendant's filing of a Motion for Summary Judgment.
>
> These papers copied in the defense of this case were documents created or reproduced for the benefit of counsel.   Each of the depositions, as well as the Motion for Summary Judgment, were required for adjudication of this case in order to refute Plaintiff's claim under vicarious liability.   All of these documents were necessary for the defense of this case.

(*Id.*).

In the proposed bill of costs, Defendant lists the $889.00 as "fees and disbursements for printing" pursuant to 28 U.S.C. 1920(3).   *See* Doc. 71, at 7. However, given that Defendant repeatedly and exclusively describes these costs in its motion as "copy charges," and at various times states (albeit contradictorily and confusingly) that the documents copied were necessary for the defense of this case,

I find that these costs are more appropriately considered under 28 U.S.C. § 1920(4), which concerns fees for exemplification and the costs of making copies necessarily obtained for use in the case.  *See Document Sec. Sys., Inc. v. Coupons.com*, No. 11-CV-6528 CJS, 2015 WL 1189551, at *5 (W.D.N.Y. Mar. 16, 2015) (finding photocopying charges for copies there were necessarily obtained for use in the case were more properly classified as "costs of making copies" under § 1920(4), despite defendant taxing these costs as printing under § 1920(3) (citing *Santana v. RCSH Operations, LLC,* No. 10–61376–CIV, 2012 WL 3779013 at *7 (S.D. Fla. Aug. 31, 2012))).  *See also Doe v. Rollins College*, No. 6:18-cv-1069-RBD-LRH, 2021 WL 3230424, at *10 (M.D. Fla. July 13, 2021), *report and recommendation adopted*, 2021 WL 3209564 (M.D. Fla. July 28, 2021) (treating charges listed on proposed bill of costs as "fees and disbursements for printing" as "photocopying costs necessarily obtained for use in the case" under § 1920(4) where defendant stated in its briefing that the charges were for making copies of discovery).

Pursuant to § 1920(4), "[t]he party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case."  *Helms v. Wal–Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993).  *See also Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009).  Moreover, "[c]opies obtained for counsel's convenience are not taxable."

*Robles v. GEICO Indem. Co.*, No. 8:19-cv-1293-T-TPB-AAS, 2021 WL 963571, at *4 (M.D. Fla. Feb. 19, 2021), *report and recommendation adopted*, 2021 WL 951248 (M.D. Fla. Mar. 12, 2021).

As quoted above in full, Defendant's explanation for these requested photocopying charges is confusing and contradictory.  On the one hand, Defendant explicitly states that "[t]hese papers copied in the defense of this case were documents created or reproduced for the benefit of counsel."  (Doc. 71, at 3). On the other hand, Defendant also states that the documents were necessary to prepare for expert witness depositions and responding to multiple dispositive motions.  (*Id.*).  Further confusing matters is the evidence Defendant submits in support of these requested costs – the entirety of which consists of one heavily redacted page, with one single line listing "copies" and $889.00.    (*Id.*, at 81).

Given Defendant's explicit representation that these documents were for the benefit of counsel, the lack of any explanation as to the need for these photocopies other than vague, conclusory statements, and the absence of any clarifying documentation, the undersigned finds that Defendant has not sufficiently demonstrated the necessity of copying these documents.  *See Cont'l 332 Fund, LLC v. Hilz*, No. 2:17-cv-41-FtM-38MRM, 2020 WL 6595061, at *5 (M.D. Fla. Oct. 23, 2020), *report and recommendation adopted*, 2020 WL 6591192 (M.D. Fla. Nov. 10, 2020) (collecting cases and noting that courts "have long held that the party seeking to

recover copying costs must provide evidence showing the nature of the documents copied and how they were used/intended to be used in the case; mere affirmation that the documents were necessary is not enough."); *Scelta*, 203 F. Supp. 2d at 1340-41 (denying award of photocopying costs in its entirety where defendant simply provided billing records stating "copies" or "photocopies" and did not describe the costs sufficiently to permit a determination of which copies were necessarily obtained for use in the case.).

Accordingly, I respectfully recommend that the Court decline to award this category of costs in its entirety.

F. Court Reporting/Transcripts

Defendant also seeks $3,553.80 in transcript costs and $2,570.75 in court reporter and videography costs for the depositions of multiple witnesses.   (Doc. 71, at 3).   Defendant states that "[t]hese costs were incurred in ordering court reporters and transcripts for multiple depositions including the use of the same to file its summary judgment as well as defend additional dispositive motions filed by Plaintiff."   (*Id.*).

1. Deposition Transcripts

Defendant states that it ordered deposition transcripts for 10 witnesses,[7]  and has provided invoices for each as follows:

---

[7] Defendant lists both Ben Goins and Defendant's corporate representative as separate deposition

- $466.40 for the transcript of the 11/2/20 deposition of James Manzanares, M.D. (Doc. 71, at 82);

- $227.90 for the transcript of the 11/17/20 deposition of Frederick A. Raffa, Ph.D. and $92.10 for scanned exhibits related to this deposition (*Id.*, at 83);

- $209.45 for the transcript of the 11/5/20 deposition of Sean Mahan, M.D. and $49.80 for scanned exhibits related to this deposition (*Id.*, at 84);

- $471.70 for the transcript of the 11/4/20 deposition of Robert Tremp, Jr. and $1.20 for scanned exhibits related to this deposition (*Id.*, at 86);

- $450.50 for the transcript of the 7/28/20 depositions of Rebecca Pope and Sam Pope, and $3.00 for scanned exhibits related to these depositions (*Id.*, at 87);

- $239.40 for the transcript of the 11/18/20 deposition of Matthew Lawson, M.D. and $7.25 for scanned exhibits related to this deposition (*Id.*, at 88);

- $335.80 for the transcript of the 11/19/20 deposition of Ira Fox, M.D., DABPM, FIPP, ABIPP (*Id.*, at 89);

- $418.00 for the transcript of the 11/30/20 deposition of Dr. Michael Foley (*Id.*, at 90); and

---

expenses (Doc. 71, at 4), however, it appears that Ben Goins is the corporate representative for Defendant, *see* Doc. 39-2, and thus Defendant has made duplicative requests for costs associated with the same 8/28/20 deposition.

- $409.20 for the transcript of the 8/28/20 deposition of the corporate representative for Defendant, and $8.25 for scanned exhibits related to this deposition (*Id.*, at 91)

Although Defendant seeks a total of $3,553.80 in transcript costs, the undersigned calculated a total of only $3,389.95 in transcript costs for the above-named witnesses based on the invoices submitted by Defendant for these 10 identified witnesses.   *See* Doc. 71, at 82-91.[8]

As stated above, Plaintiff has not raised any objections to the categories of costs sought by Defendant.   Moreover, deposition transcripts are taxable costs under § 1920(2).   *See Andrews v. Marshall*, No. 2:16-cv-814-SPC-MRM, 2021 WL 3888208, at *4 (M.D. Fla. Aug. 16, 2021), *report and recommendation adopted*, 2021 WL 3883705 (M.D. Fla. Aug. 31, 2021) ("28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case.   Deposition costs, including transcripts, are, therefore, taxable under § 1920(2)." (citing *W&O, Inc.*, 213 F.3d at 620-21)).   *See also Watson v. Lake Cnty.*, 492 F. App'x 991, 996-97 (11th Cir. 2012) ("[E]ven where a deposition is not ultimately used as part of a prevailing party's case, we have held that the costs of

---

[8] Defendant has also attached to its motion an invoice for the deposition of Plaintiff, Cindy Thayer, which includes a $556.60 transcript fee.   (Doc. 71, at 92).   While Defendant does reference and include in its proposed bill of costs the court reporter fee for this deposition, Defendant does not include the transcript fee in either its motion or in its proposed bill of costs.   Accordingly, the undersigned has only considered this invoice with respect to the referenced/included court reporter fee.   *See id.*, at 3-4.

the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." (citing *W&O*, 213 F.3d at 622)).

However, the fees for exhibits, which total $161.60, are not taxable costs in this case.   *See Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) ("[T]he Court will not award costs for deposition exhibits when the prevailing party 'has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel.'" (quoting *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008))).   Defendant has provided no explanation as to the propriety of taxing costs for the deposition exhibits. Accordingly, I respectfully recommend that the Court decline to award these costs.

In sum, I respectfully recommend that the Court award Defendant a total of **$3,228.35** ($3,389.95 minus $161.60) in deposition transcript costs.

   2. *Court reporter and videography costs*

Defendant has also submitted invoices in support of the requested court reporter and videography costs for witness depositions as follows:

- $40.00 in videoconference hosting fees and $95.00 in court reporter attendance fees for the 11/2/2020 deposition of James Manzanares (Doc. 71, at 82)

- $40.00 in videoconference hosting fees and $95.00 in court reporter attendance fees for the 11/17/20 deposition of Frederick Raffa (*Id.*, at 83)

- $40.00 in videoconference hosting fees and $95.00 in court reporter attendance fees for the 11/5/20 deposition of Sean Mahan (*Id.*, at 84)

- $40.00 in videoconference hosting fees and $95.00 in court reporter attendance fees for the 10/9/2020 deposition of James Manzanares (*Id.*, at 85)

- $40.00 in videoconference hosting fees and $95.00 in court reporter attendance fees for the 11/4/20 deposition of Robert Tremp, Jr. (*Id.*, at 86)

- $40.00 in videoconference hosting fees and $95.00 in court reporter attendance fees for the 7/28/20 depositions of Sam and Rebecca Pope (*Id.*, at 87)

- $320.00 in court reporter attendance fees for the 4/23/20 deposition of Plaintiff, Cindy Thayer (*Id.*, at 92)

- $90.00 in videography costs and $180.00 in court reporter attendance fees for the 11/4/20 deposition of Robert Tremp, Jr. (*Id.*, at 93)

- $180.00 in court reporter attendance fees for the 11/17/20 deposition of Fredrick Raffa (*Id.*, at 94)

- $180.00 in court reporter attendance fees for the 11/30/20 deposition of James Manzanares (*Id.*, at 95)

- $135.00 in videography costs and $180.00 in court reporter attendance fees for the 11/2/20 deposition of James Manzanares (*Id.*, at 96)

Although Defendant seeks a total of $2,570.75 for court reporter and videography fees for these witnesses, *see id.*, at 3, it again appears that Defendant has miscalculated the total amount as the undersigned calculated a total of only $2,075.00 in these fees based on the invoices submitted by Defendant.   *See id.*, at 82-96.

Attendance fees of the court reporter are taxable costs under § 1920(2).   *See Ferguson v. Bombardier Servs. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007). On the other hand, the videography fees sought by Defendant, which total $465.00,[9] are not taxable, without further explanation from Defendant.   "The costs of a video deposition may be taxed under section 1920(2) if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party to the method of recording pursuant to Federal Rule of Civil Procedure 26(c)."   *Id.* (citing *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996)).

---

[9]  The undersigned calculated this amount as follows:   $40.00 each for videography fees for six depositions (11/2/20 deposition of James Manzanares, 11/17/20 deposition of Frederick Raffa, 11/5/20 deposition of Sean Mahan, 10/9/20 deposition of Manzanares, 11/4/20 deposition of Robert Tremp, and 7/28/20 deposition of Sam and Rebecca Pope), plus $90.00 for the 11/4/20 deposition of Robert Tremp, plus $135.00 for the 11/2/20 deposition of Manzanares equals **$465.00** in videography costs.

"However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain a copy of both videotaped and transcribed depositions for use in the case." *Id.* Here, Defendant provides no explanation as to why it was necessary for it to obtain both videotaped and transcribed depositions for use in this case. Thus, I respectfully recommend that the Court award a total of **$1,610.00** ($2,075.00 minus $465.00) to Defendant for court reporter attendance fees.

G. Witness Fees

Last, Defendant seeks $40.00 in witness fees for each of six witnesses, for a total of $240.00. Witness fees are recoverable under § 1920, but are limited to $40.00 per day by 28 U.S.C. § 1821. *See Morrison*, 97 F.3d at 463 (discussing interplay between 28 U.S.C. § 1920, 28 U.S.C. § 1821, and Fed. R. Civ. P. 54); *see* 28 U.S.C. § 1821(b). Because Defendant does not seek costs in excess of those permitted by the statutes, I respectfully recommend that the Court award Defendant a total of **$240.00** in witness fees.

IV. **RECOMMENDATION.**

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Court:

1. **GRANT in part** and **DENY in part** Defendant's Amended Motion for Costs (Doc. 71).

2. **AWARD** Defendant total costs in the amount of **$6,794.60**, allocated as follows:

- $400.00 in fees of the Clerk

- $195.00 in subpoena service costs

- $1,121.25 in costs for subpoenaing Plaintiff's medical records

- $3,228.35 in deposition transcript costs

- $1,610.00 for court reporter attendance fees

- $240.00 in witness fees

3. **DENY** the remainder of the requested costs.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 4, 2021.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record